UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ZOILA ANGELICA RIVERA PERALTA :   Civ. No. 3:21CV01693(SALM)
                              :
v.                            :
                              :
CK GREENHOUSE INC.            :   December 22, 2021
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Zoila Angelica Rivera Peralta ("plaintiff"), who seeks to proceed in forma pauperis, has filed a civil Complaint [Doc. #1] naming a single defendant, CK Greenhouse Inc. ("defendant").[1] For the reasons set forth herein, the Court **DISMISSES** the Complaint, without prejudice.

## I. Applicable Law

The Court construes complaints filed by self-represented plaintiffs liberally. See McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156-57 (2d Cir. 2017). "In addition, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim,"

---

[1] There are inconsistencies within plaintiff's filings. In some of her papers she names defendant as "CK Greenhouses Inc.," Doc. #1 at 1, Doc. #3 at 1, and in others she names defendant as "CK Greenhouse Inc." Doc. #2 at 1. For purposes of this Initial Review Order, the Court refers to defendant as "CK Greenhouse Inc.," because that is the name of defendant as reflected in the docket.

1

the Court will generally grant a self-represented party at least one opportunity "to file an amended complaint that attempts to state a claim upon which relief may be granted." Campbell v. HRH Hill Int'l, No. 3:17CV02148(CSH)(SALM), 2018 WL 442800, at *2 (D. Conn. Jan. 16, 2018) (citations and quotation marks omitted).

Federal courts are courts of limited jurisdiction. See U.S. Const., Art. III, §2, cl. 1. Federal subject matter jurisdiction exists where plaintiff has alleged a claim arising under the Constitution or laws of the United States, or where the parties are of citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. §1331; 28 U.S.C. §1332; see also Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 363 (2d Cir. 2000). It is "the obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." Da Silva, 229 F.3d at 361. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

II. **Allegations of the Complaint**

The allegations of the Complaint are scant. The entirety of the Complaint alleges:

> While working for CK Greenhouses Inc. I got hurt. I was sent to a doctor who was support to do the surgery I

```
needed and didn't do so. After I got hurt CK Greenhouses
Inc wanted me to return, but I was not better, My hand
got worse. Because of this I have not been able to return
to work. I don't have any source of Income[.]

...

Angelo Cicchiello - Attorney at law state to not return
to work, nor has done anything about the case.

Levy, Leff, and Defrank P.C. - also neglected my case
and has not helped at all.
```

Doc. #1 at 2-3 (sic).[2]

Plaintiff asserts no basis for federal jurisdiction. She alleges that she and defendant are both citizens of Connecticut, see Doc. #1 at 1, and there is no statement as to the amount in controversy.[3]

### III. **Subject Matter Jurisdiction**

The Court lacks subject matter jurisdiction over this case.

First, plaintiff's Complaint does not give rise to federal question jurisdiction. "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises an issue of federal law." N.Y. v. Shinnecock Indian Nation, 686

---

[2] The Court takes judicial notice of a workers' compensation claim in which plaintiff is represented by the law firm of Cicchiello & Cicchiello, LLP. See Connecticut Workers' Compensation Commission Public Access Reporting System, Claim Detail for Claim Number: 8010211425, http://stg-pars.wcc.ct.gov/ClaimDetailIPs.aspx?clmnum=800211452 (last updated 12/21/2021).

[3] As will be addressed, plaintiff also alleges that she is a citizen of Ecuador. See Doc. #1 at 1.

3

F.3d 133, 138 (2d Cir. 2012) (quotation marks and citation omitted). The Complaint does not cite to any provision of federal law, nor assert any violation of federal Constitutional rights. Accordingly, the Court does not have jurisdiction over this matter based on a federal question.

Second, the Court does not have jurisdiction on the basis of diversity. Plaintiff states that both she and defendant are citizens of Connecticut. See Doc. #1 at 1. The Supreme Court has consistently read "the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. §1332(a)(1)). Because both plaintiff and defendant are citizens of Connecticut, there is a lack of diversity.

Alternatively, plaintiff alleges that she is a citizen of Ecuador "who presently resides at 164 Norwich Ave Colchester, CT 06415." See Doc. #1 at 1. Diversity may exist between "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §1332(a)(2). However, "the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]" Id. Section

1332(a)(2) "affects only the status of those aliens with green cards — admitted to the United States for permanent residence. Thus, aliens present in this country on any lesser status will still be considered aliens, able to invoke alienage jurisdiction against a citizen of a state." Shanshan Shao v. Beta Pharma, Inc., No. 3:14CV01177(CSH), 2017 WL 1138124, at *5 (D. Conn. Mar. 27, 2017) (citation and quotation marks omitted). Although plaintiff appears to be domiciled in Connecticut, she has failed to allege sufficient facts to establish diversity jurisdiction under section 1332(a)(2), because she has failed to provide any information concerning her resident status. See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322-23 (2d Cir. 2001) ("It is well established that the party seeking to invoke jurisdiction under 28 U.S.C. §1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." (citation and quotation marks omitted)).

Furthermore, the amount in controversy requirement has not been met. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (quotation marks and citation omitted). As noted, the Complaint's scant allegations

provide no indication as to the amount in controversy. See generally Doc. #1. Accordingly, there is no basis for the Court to exercise diversity jurisdiction.

Because the Court does not have subject matter jurisdiction over this case, the Complaint must be dismissed. However, because the Court cannot "rule out any possibility" that an amendment of plaintiff's Complaint would be futile, the Complaint is **DISMISSED, without prejudice.**

### IV. Conclusion

This matter is hereby **DISMISSED, without prejudice**. If plaintiff wishes to file an Amended Complaint, she may do so on or before **January 12, 2022**. If plaintiff elects to file an Amended Complaint, she must assert an adequate basis for federal jurisdiction.

If plaintiff fails to file an Amended Complaint by January 12, 2022, this case will be closed.

It is so ordered at New Haven, Connecticut, this 22nd day of December, 2021.

```
       /s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
```